UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brice Daniels,<br><br>    Petitioner<br><br>v.<br><br>State of Nevada, *et al*.<br><br>    Respondents | Case No.: 2:23-cv-00172-APG-EJY<br><br>**Order Dismissing Case**<br><br>[ECF No. 1-1] |

Petitioner Brice Daniels, a *pro se* Nevada prisoner, has filed a petition for a writ of mandamus. ECF No. 1-1 ("Petition"). Following my initial review, I dismiss the Petition due to multiple substantial defects.

**I.   BACKGROUND**[1]

In 2019, Daniels was convicted of two counts of trafficking in a controlled substance. Daniels appealed, and the Nevada Court of Appeals affirmed on August 10, 2020. In his instant Petition, Daniels explains that he desires to file a state petition for a writ of habeas corpus; however, he had been denied access to the relevant documents—including the transcripts from his trial and his discovery—that he needs to file his petition. ECF No. 1-1. Daniels requests that I order the state district court to produce these documents. *Id*. at 3.

**II.   DISCUSSION**

   **A.   Commencement**

Daniels did not pay the filing fee, and he did not file an application to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or

---

[1] I take judicial notice of the online docket records of the Nevada appellate courts, which are available at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00, to which is added a $52.00 administration fee. Daniels did not file an application for a writ of habeas corpus in this action; instead, he petitions for a writ of mandamus. The filing fee therefore is $402.00. The Prisoner Litigation Reform Act allows the Court, on application, to permit Daniels to pay the $402.00 fee in installments even if he currently is not able to pay the entire fee. But Daniels did not pay the fee or file an application to proceed IFP to pay the fee in installments, so this action has been improperly commenced. 28 U.S.C. § 1915.

### B.   The Petition

Daniels' Petition is subject to multiple substantial defects warranting dismissal of the Petition without prejudice. First, I do not have jurisdiction over an action brought against the State of Nevada. Daniels may not proceed directly against the State of Nevada in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. *E.g., O'Connor v. Nevada*, 686 F.2d 749 (9th Cir. 1982) ("It is clear that under the eleventh amendment a state or its agencies cannot be sued in federal court without its consent."). State sovereign immunity bars an action against the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

Second, a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, prohibition, and/or an exercise of supervisory jurisdiction. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) (federal court of appeals did not have jurisdiction to issue a writ of mandamus to a state court). If Daniels wishes to seek

collateral review of his conviction in federal court, he must file a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254, not a petition for a writ of mandamus.

Third, to the extent that Daniels challenges his judgment of conviction other than through a habeas petition, his civil action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  And fourth, the Petition fails to state a claim upon which relief may be granted under federal law.  Nevada state statutes do not apply to determine the mandamus authority of a federal district court.[2]

## III.   CONCLUSION

I THEREFORE ORDER that the writ of mandamus **(ECF No. 1-1) is dismissed without prejudice**.  A certificate of appealability is denied, as reasonable jurists would not find the dismissal of this action without prejudice to be debatable or wrong.

I FURTHER ORDER that the clerk of the court (1) file the writ of mandamus (ECF No. 1-1), (2) enter final judgment accordingly, and (3) close this case.

DATED this 4th day of March 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] It appears that Daniels may have intended to file his Petition in the Nevada Supreme Court based on the form he used.